UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD NELSON CRAIG,<br><br>    Petitioner,<br><br>    v.<br><br>RANDY GROUNDS, Warden,<br><br>    Respondent. | Case No. CV 10-4086 SVW (JCG)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION AND SUMMARY**

On May 18, 2010, petitioner Reginald Nelson Craig ("Petitioner"), a California prisoner incarcerated at Correctional Training Facility and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.

On September 2, 2010, Respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that the Petition is barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). On October 6, 2010, Petitioner filed an Opposition to the Motion ("Opposition"). On October 19, 2010, Respondent filed a Reply to the

1  Opposition ("Reply").

2  On October 22, 2010, the Magistrate Judge issued his Report and
3  Recommendation ("R&R"), recommending that Respondent's Motion be granted
4  and that judgment be entered dismissing this action with prejudice. (*See* R&R at 2,
5  11.) On November 8, 2010, Petitioner filed Objections to the R&R ("Objections").
6  While the Objections parrot the same argument regarding equitable tolling Petitioner
7  previously asserted in his Opposition, the Objections also raise one new argument
8  regarding equitable tolling of the statute of limitation.[1] Petitioner also requests an
9  evidentiary hearing and the appointment of counsel. (Objs. at 10-11.)

10  Now, having conducted a *de novo* review, including studying the Motion, the
11  Opposition, the Reply, the R&R, and the Objections, the Court is persuaded that the
12  Petition is untimely and Petitioner failed to establish, as is his burden, the right to
13  equitable tolling. This Court, therefore, adopts the findings, conclusions, and
14  recommendations of the Magistrate Judge. The Court also denies Petitioner's
15  requests for an evidentiary hearing and the appointment of counsel.

## II.

## DISCUSSION AND ANALYSIS

A.  Petitioner is Not Entitled to Equitable Tolling

Petitioner argues that "he is entitled to equitable tolling because, he's [a] pro se[, receiving] assistance [from] another inmate." (Objs. at 9.)

---

[1] As a procedural matter, the Court notes that Petitioner's Objections raise new facts that were never presented to the Magistrate Judge. A district court has discretion not to consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000), *cert. denied*, 534 U.S. 831 (2001). Petitioner makes no effort to explain why he did not raise this issue in his Opposition. (*See generally* Objs. at 1-11.) Nonetheless, in the interest of justice, the Court will address the Objections on their merits.

1        AEDPA's one-year statute of limitations may be equitably tolled "only when
2   extraordinary circumstances beyond a prisoner's control make it impossible to file a
3   petition on time *and* the extraordinary circumstances were the cause of his
4   untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (emphasis
5   added) (internal quotation marks and citation omitted).  This standard requires
6   petitioners, who bear the burden of establishing that equitable tolling is applicable to
7   his or her case, *see Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir.), *cert. denied*,
8   537 U.S. 1003 (2002), to meet a "very high threshold" in order to benefit from
9   equitable tolling.  *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004); *see*
10  *also Miranda*, 292 F.3d at 1066 ("[T]he threshold necessary to trigger equitable
11  tolling under AEDPA is very high, lest the exceptions swallow the rule.") (internal
12  quotation marks, brackets and citation omitted).  Not surprisingly, in light of this
13  high threshold, "equitable tolling is unavailable in most cases[.]"  *Miles v. Prunty*,
14  187 F.3d 1104, 1107 (9th Cir. 1999).
15       Here, Petitioner's contention as to why he is entitled to equitable tolling has
16  consistently been rejected by the courts.   For example, it is well established that a
17  criminal defendant has no constitutional right to counsel in state or federal habeas
18  corpus proceedings.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("the
19  right to appointed counsel extends to the first appeal of right, and no further[]");
20  *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no
21  constitutional right to counsel [i]n habeas [proceedings].").
22       Moreover, the Court notes that state prisoner habeas petitions are routinely
23  filed on a *pro se* basis.  To allow equitable tolling based on the mere fact that most
24  prisoners do not have legal knowledge or training would create a loophole that
25  would wholly swallow the intent and effect of the AEDPA limitation period.  Under
26  the circumstances here, Petitioner's *pro se* status is insufficient to warrant the
27  granting of equitable tolling.  *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154
28  (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an

1 extraordinary circumstance warranting equitable tolling[]"); *Chaffer v. Prosper*, 592
2 F.3d 1046, 1049 (9th Cir. 2010) (*per curiam*) (prisoner's *pro se* status, law library
3 missing reporter volumes, and reliance on inmate helpers who were transferred or
4 too busy to attend to his petitions are not extraordinary circumstances "given the
5 vicissitudes of prison life").

6       Thus, Petitioner has not met the "very high threshold" of establishing the
7 existence of extraordinary circumstances beyond his control *and* that those
8 extraordinary circumstances were the cause of his untimeliness. *Battles*, 362 F.3d at
9 1197; *Laws*, 351 F.3d at 922. Because the Petition plainly is untimely under 28
10 U.S.C. § 2244(d)(1) and cannot be saved by statutory or equitable tolling, dismissal
11 with prejudice is merited.

12       B.    <u>Petitioner is Not Entitled to an Evidentiary Hearing</u>
13       Petitioner also requests an evidentiary hearing. (Objs. at 10.)
14       "A habeas petitioner . . . should receive an evidentiary hearing when he makes
15 a good-faith allegation that would, if true, entitle him to equitable tolling." *Roy v.*
16 *Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (citing *Laws*, 351 F.3d at 919) (internal
17 quotation marks and emphasis omitted).

18       Petitioner has failed to present any facts that would show that his allegations,
19 if proved, would entitle him to equitable tolling. Accordingly, Petitioner's request
20 for an evidentiary hearing is denied.

21       C.    <u>Petitioner is Not Entitled to the Appointment of Counsel</u>
22       Finally, Petitioner requests the appointment of counsel. (Objs. at 11.)
23       The Sixth Amendment right to counsel does not apply in habeas corpus
24 actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While a
25 district court is authorized to appoint counsel in the interest of justice, the decision to
26 appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*,
27 801 F.2d 1191, 1196 (9th Cir.1986); *Knaubert*, 791 F.2d at 728. "Indigent state
28 prisoners applying for habeas corpus relief are not entitled to appointed counsel

unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (observing that the decision to appoint counsel turns on petitioner's ability to articulate claims in light of the complexity of the issues and the likelihood of success on the merits).

The Court finds that, at this juncture, appointment of counsel is not necessary to avoid due process violations in the instant action. Further, Petitioner has not shown that because of the complexity of the claims, he has been unable to articulate his positions. Therefore, Petitioner's request for counsel is denied.

## III.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: January 27, 2011.

_____

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE